UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION- IN ADMIRALTY

|  |  |
|---|---|
| ELIZABETH P. SIMPSON and <br> JAMES W. SIMPSON <br><br> Plaintiffs, <br><br> v. <br><br> BASS PRO OUTDOOR WORLD, LLC; <br> MB BASS PRO, LLC; and BASS PRO <br> GROUP, LLC | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT** <br> ) <br> ) **(BENCH TRIAL)** <br> ) <br> ) <br> ) <br> ) |

COMES NOW Plaintiffs, Elizabeth P. Simpson and James W. Simpson, and file this their Complaint against Defendants Bass Pro Outdoor World, LLC; MB Bass Pro, LLC, and Bass Pro Group, LLC, and show the Court as follows:

**PARTIES**

1. Plaintiffs, Elizabeth P. Simpson and James W. Simpson, are a married couple and are residents and citizens of Jacksonville, North Carolina.

2. Defendant Bass Pro Outdoor World, LLC is a corporation organized and existing under the laws of the State of Missouri. Bass Pro Outdoor World, LLC is registered and authorized to do business in the State of South Carolina. Bass Pro Outdoor World, LLC may be served by delivering a copy of the Summons and Complaint to its registered agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.

3. Defendant MB Bass Pro, LLC is a corporation organized and existing under the laws of the State of Delaware. MB Bass Pro, LLC is registered and authorized to do business in the State of South Carolina. MB Bass Pro, LLC may be served by delivering a copy of the

1

Summons and Complaint to its registered agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.

4.     Defendant Bass Pro Group, LLC, is a corporation organized and existing under the laws of the State of Delaware.  Bass Pro Group, LLC is not registered and/or authorized to do business in the State of South Carolina.  Bass Pro Group, LLC may be served by delivering a copy of the Summons and Complaint to its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

5.     Defendants Bass Pro Outdoor World, LLC, MB Bass Pro, LLC, and Bass Pro Group, LLC, will be collectively referred to as "Bass Pro."

## JURISDICTION, VENUE AND APPLICABLE LAW

6.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiffs invoke the subject matter jurisdiction of this Honorable Court under 28 U.S.C. § 1333(1) and request a bench trial.

7.     Pursuant to Local Rule 3.01(A)(1) venue is appropriate in the Florence Division as this is the location of the Bass Pro store involved in this action.

8.     This action arises and is governed by the General Maritime Law of the United States and is supplemented by the law of the State of South Carolina.

## FACTS

9.     Defendant Bass Pro owns and operates a boat dealership selling "Mako" brand boats in Myrtle Beach, South Carolina.

10.    On or around July 28, 2017, Plaintiffs visited the Bass Pro dealership in Myrtle Beach.

11.    Plaintiffs were interested in purchasing a new "Mako" brand center console boat measuring approximately 23 feet in length. (hereinafter "the Vessel").

12. The Vessel was located in the showroom of the Bass Pro store.

13. Upon information and belief, Bass Pro was the owner of the Vessel.

14. A Bass Pro salesperson showed Plaintiffs the Vessel and provided Plaintiffs information on the Vessel's features. (the "Bass Pro Salesperson").

15. At all times relevant hereto the Bass Pro Salesperson was acting in the course and scope of his employment with Bass Pro.

16. The Bass Pro Salesperson offered to carry Plaintiffs as passengers on the Vessel for a "sea-trial."

17. The Bass Pro Salesperson trailered the Vessel to a boat ramp and launched the Vessel into the Intercoastal Waterway.

18. The Bass Pro Salesperson indicated that Plaintiffs could sit anywhere they would like on the Vessel.

19. The Vessel had cushions and seating on the bow area and Plaintiff Elizabeth P. Simpson sat towards the bow of the Vessel.

20. The Bass Pro Salesperson navigated the Vessel down the Intercoastal Waterway at a cruising speed.

21. The weather was marginal and the sea was choppy.

22. The Bass Pro Salesperson negligently piloted the Vessel out of the Intercoastal Waterway and into an inlet where the Vessel encountered heavier seas.

23. The Bass Pro Salesperson did not properly account for the state of the sea and wind in the inlet.

24. The Bass Pro Salesperson did not decrease the speed of the Vessel as it entered the inlet.

25. The Bass Pro Salesperson operated the Vessel at an unsafe speed in the inlet.

26.     The Bass Pro Salesperson did not warn Elizabeth P. Simpson to change seats or that the Vessel would be encountering heavy seas.

27.     As a direct and proximate result of the negligence, carelessness and recklessness of Bass Pro's employee, Elizabeth P. Simpson was launched from her seat at the front of the boat and into the air.

28.     Plaintiff Elizabeth P. Simpson landed on the floor of the boat and was severely injured, including incurring a burst compression fracture to her back.

29.     Plaintiff Elizabeth P. Simpson's injuries are a direct and proximate result of the negligence, carelessness and recklessness of Bass Pro.

30.     Plaintiff Elizabeth P. Simpson in no way contributed to her injuries and Bass Pro is solely responsible for her injuries.

## COUNT ONE – NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS

31.     Plaintiffs reallege paragraphs 1 through 30 above and incorporate said paragraphs herein by reference.

32.     Bass Pro and its employees owe its passengers a duty to exercise reasonable care.

33.     Plaintiff Elizabeth P. Simpson's injuries were caused by the fault and negligence of Bass Pro in one or more of the following particulars, among others, all to be shown by the evidence at trial:

    a.     Failure to operate the Vessel at a safe speed;

    b.     Failure to account for the changing sea and wind state when approaching the inlet;

    c.     Failure to warn Plaintiffs about the changing sea and wind state when approaching the inlet;

  d. Failure to warn Plaintiff Elizabeth P. Simpson to move from the bow of the Vessel when approaching the inlet;

  e. Allowing the Vessel to be operated in an unsafe manner;

  f. Negligently allowing the Vessel to be operated in a manner that caused severe physical injury to Plaintiff Elizabeth P. Simpson;

  g. In permitting the Vessel to be operated while not properly manned;

  h. In permitting inexperienced personnel to operate the Vessel;

  i. In failing to adequately train its personnel;

  j. In failing to warn Plaintiff Elizabeth P. Simpson of the known danger of being thrown from the seat at the front of the Vessel and onto the Vessel's deck.

34. Bass Pro's actions were in violation of the statutory and common laws of the State of South Carolina and the general maritime law of the United State of America.

35. Bass Pro's actions proximately caused Plaintiff Elizabeth P. Simpson severe personal injuries, including a fracture of her back.

36. Plaintiff Elizabeth P. Simpson's injuries are of a severe and permanent nature, and include past, present and future pain and suffering, physical disability, mental anguish and emotional distress, loss of enjoyment of life, loss of quality of life, lost income and loss of income earning capacity.

37. Plaintiffs have incurred substantial medical expenses as a proximate result of Bass Pro's negligence, gross negligence and recklessness.

38. As a result of said injuries, the Plaintiff has received, and in the future will continue to receive, medical and hospital care and treatment provided by and through the United States of America. The Plaintiff, for the sole use and benefit of the United States of America, under

provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

## COUNT TWO – LOSS OF CONSORTIUM

39. Plaintiffs reallege paragraphs 1 through 38 above and incorporate said paragraphs herein by reference.

40. As a proximate result of Bass Pro's negligence, gross negligence and recklessness, Plaintiff James W. Simpson has been deprived of his wife's comfort, services and consortium.

41. Plaintiffs have a maritime tort lien against the Vessel for their damages, including pre-judgment interest.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. An award of actual and consequential damages in an amount to be determined at trial;

b. An award of punitive damages in an amount to be determined at trial;

c. An award of all legal allowable damages in an amount to be determined at trial;

d. An award of Plaintiffs reasonable attorney's fees;

e. An award of pre-judgment interest at the legal rate;

f. That all costs be taxed against Bass Pro;

g. For such other and further relief in favor of Plaintiffs as this Court deems just and appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

                                        TAYLOR ANDERSON LAW FIRM, LLC

                          By:    s/<u>James Taylor Anderson III</u>
                                 James Taylor Anderson, III
                                 Federal I.D. No. 10265
                                 507-A Savannah Highway
                                 Charleston, SC 29407
                                 (843) 277-1176
                                 Taylor@andersonlawfirm.law

                                 ATTORNEY FOR PLAINTIFFS

June 29, 2018

Charleston, South Carolina